T. Woods

1

Magistrate Judge Mary Alice Theiler

2

3

— FILED
— LODGED ——— ENTERED
———— RECEIVED

4

IJAN 0 7 2009

5

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

UNITED STATES OF AMERICA,          )          NO. MJ ___09-4___

10

                    Plaintiff,     )          COMPLAINT for VIOLATION

11

              v.                   )          Title 18, U.S.C.
                                   )          Section 842(j)

12

RONALD L. STRUVE,                  )
                                   )          Title 26, U.S.C.

13

                    Defendant.     )          Section 5861(d)

14

                                   )

15

BEFORE, MARY ALICE THEILER, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

16

The undersigned complainant being duly sworn states:

17

**COUNT ONE**

18

**(Unlawful Storage of Explosives)**

19

On or about the 3rd day of November, 2008, in the Western District of Washington, the

20

defendant, RONALD L. STRUVE, knowingly stored high explosives in a manner not in

21

conformity with regulations promulgated by the Attorney General, in that he stored high

22

explosives, at a commercial storage facility at 12863 Northup Way, Bellevue, Washington

23

98005, said facility not then conforming with the requirements of storage facilities for high

24

explosives, in violation of Title 18, United States Code, Sections 842(j) and 844(b), and Title 27,

25

Code of Federal Regulations, Section 555.201 et seq.

26

27

28



**09-MJ-00004-CMP**

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1

## COUNT TWO
### (Unlawful Possession of Firearms)

2

3    On or about the 3rd day of November 2008, in the Western District of Washington, the

4    defendant, RONALD L. STRUVE, knowingly possessed firearms, not registered to him in the

5    National Firearms Registration and Transfer Record, in violation of Title 26, United States Code,

6    Sections 5841, 5861(d), and 5871.

7    I, DAVID M. CLINE, being first duly sworn, says:

8

## INTRODUCTION

9    1.    I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and

10   Explosives, and have been so employed since October 28, 2007.  In 2004, I obtained a bachelor's

11   degree from St. Louis University.  After graduating, I served in the United States Army,

12   including serving overseas in Iraq.  I have received extensive firearms and law enforcement

13   training, and have conducted several investigations of violations of federal firearms laws.

14   2.    The facts set forth in this affidavit are based upon my personal observations, my

15   training and experience, and information obtained from other law enforcement agents.  This

16   affidavit is made for the sole purpose of demonstrating probable cause for this criminal

17   complaint, and does not purport to set forth each and every fact I have learned in connection with

18   this investigation.

19   3.    As discussed below, there is probable cause to believe that STRUVE has violated

20   Title 18, United States Code, Section 842(j), which provides that it is unlawful "for any person to

21   store any explosive material in a manner not in conformity with regulations promulgated by the

22   Attorney General."  There is also probable cause to believe that STRUVE has violated Title 26,

23   United States Code, Section 5861(d), which provides that it is unlawful "to receive or possess a

24   firearm which is not registered to him in the National Firearms Registration and Transfer

25   Record."

26

## RELEVANT STATUTORY PROVISIONS

27   4.    Title 18, United States Code, Section 842(j) provides that it is unlawful "for any

28   person to store any explosive material in a manner not in conformity with regulations

COMPLAINT/STRUVE - 2
MJ 08-540

1  promulgated by the Attorney General."

2      5.      Title 26, United States Code, Section 5861(d), provides that it is unlawful "to

3  receive or possess a firearm which is not registered to him in the National Firearms Registration

4  and Transfer Record."

5      6.      Title 26, United States Code, Section 5845(a) provides:

6  **(a) Firearm.** -- The term "firearm" means (1) a shotgun having a barrel or barrels
   of less than 18 inches in length; (2) a weapon made from a shotgun if such
7  weapon as modified has an overall length of less than 26 inches or a barrel or
   barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less
8  than 16 inches in length; (4) a weapon made from a rifle if such weapon as
   modified has an overall length of less than 26 inches or a barrel or barrels of less
9  than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a
   machinegun; (7) any silencer (as defined in section 921 of title 18, United States
10 Code); and (8) a destructive device. The term "firearm" shall not include an
   antique firearm or any device (other than a machinegun or destructive device)
11 which, although designed as a weapon, the Secretary finds by reason of the date of
   its manufacture, value, design, and other characteristics is primarily a collector's
12 item and is not likely to be used as a weapon.

13     7.      Title 26, United States Code, Section 5845(e) provides:

14 **(e) Any other weapon.**-- The term "any other weapon" means any weapon or
   device capable of being concealed on the person from which a shot can be
15 discharged through the energy of an explosive, a pistol or revolver having a barrel
   with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons
16 with combination shotgun and rifle barrels 12 inches or more, less than 18 inches
   in length, from which only a single discharge can be made from either barrel
17 without manual reloading, and shall include any such weapon which may be
   readily restored to fire. Such term shall not include a pistol or a revolver having a
18 rifled bore, or rifled bores, or weapons designed, made, or intended to be fired
   from the shoulder and not capable of firing fixed ammunition.
19

20                      **FACTS DEMONSTRATING PROBABLE CAUSE**

21     8.      On November 13, 2008, ATF Special Agent Heidi Wallace received a call from

22 an individual who had recently purchased the contents of a storage unit located at 12863 Northup

23 Way, Bellevue, Washington 98005. The caller explained that someone had not paid the storage

24 fee on a unit at the storage facility, and, as a result, an auction was held for the unit's contents.

25 The caller had won the auction and transported the unit's contents to his garage. The caller

26 explained that some of the auction contents contained firearms, and that he wanted ATF to

27 examine the firearms to determine whether they were legal to possess. Special Agent Wallace

28 went to the individual's home later that day to examine the firearms.

COMPLAINT/STRUVE - 3
MJ 08-540

1        9.        Upon arriving, the caller stated that he and his business partner had seen a grenade

2    in one of the auction boxes.  Special Agent Wallace then began to examine the boxes.  In the first

3    two boxes that she examined, Special Agent Wallace discovered firearms, which ATF later

4    confirmed by field test were machine guns.  The third box that Special Agent Wallace examined

5    contained two grenades and other possible explosives.  At this point, Special Agent Wallace

6    contacted ATF Special Agent Kirk Dennis, a bomb technician, to come to the location.  Special

7    Agents Wallace and Dennis inspected the following items:

8        a.        An ammunition container containing fifty-four 40MM M406 High

9    Explosive Grenades Lot # MA-110-9; nine 40MM M40A1 Practice Grenades Lot # MA-79-7;

10   seven 40MM M781 Practice Grenades Lot # MA184B001-007; and one 40MM M662 Redstar

11   Parachute Rifle Grenade Lot# MA78G005-005.

12       b.        An ammunition container containing:  12  Marine MK 13 Mod O Signal

13   Smoke illumination flares Lot # 14-HK-1166 Nov 1966.

14       c.        A large glass jar containing numerous 81MM M90 Mortar prop charges

15   CHG B Prop INCR Lot # RAD-66274.

16       d.        A box containing one 2.36" M7A1 Anti-Tank Practice Rocket Lot #

17   WC-30-6 10-43, two M31 Practice Rifle Grenades Lot # LS-37-4  loaded   7-64; three M21A1

18   signal ground amber star parachute flares manufactured by M. Backes Sons Inc. Oct 1944 Lot #

19   MBS-190; one M7A3 CS Grenade Lot # scraped off; one M7A2 CS Gas Grenade Lot #

20   1023-23-19; one M18 Violet Smoke Grenade sealed in original canister; one M18 Red Smoke

21   Grenade Lot # 1021-24-12; one MKIIIA1 Offensive Hand Grenade Lot # KOP-22-22415-31

22   8-42; one MKI Illumination Hand Grenade Lot # 402 I.F.S. DIV Insp. G.H.B - APR 44; one

23   M22A2 Rifle Grenade Smoke Green Lot # OAP7-12 Loaded 11-52; three M201A1 Smoke

24   Grenade Fuses  Lot # NY81122-5; one M116A1 Hand Grenade simulator Dec 1964; and one

25   section of approximately twenty-five  feet of detonation cord.

26       e.        An ordnance case containing one Chicom Stick Grenade (Chinese); three

27   practice submunitions; one MK2 style Hand Grenade; one MK2 style Rifle Grenade; one M11A4

28   Anti-Tank Practice Rifle Grenade Lot # CFO1-18 7-52; eight 20MM Rounds; one 20MM APIT

COMPLAINT/STRUVE - 4
MJ 08-540

1    Round Lot # DN32; one M781 40MM Practice Grenade Lot # ME 808001-004; one M503A1

2    PD Fuze Lot # LOP1287-4-55; four 20MM fuses; two T328 30MM HE Fuzes Lot # HVM

3    15-44-54; one 30MM Practice Fuse; three military shell casings w/primers; one 30MM round;

4    and one .50 caliber round of ammunition.

5           f.    An ammunition container containing six M112 1.25 LBS Blocks of C-4

6    Plastic High Explosives Lot # CIL-2-4  12-68; and two approximate 50-foot rolls of blasting fuse

7    / safety fuse.

8           g.    An ammunition container containing three M6 electric blasting caps; two

9    XM228 Practice Grenade Fuses with caps; one M206A1 Grenade Fuse; and three copper

10   non-electric blasting caps.

11          h.    A bag containing two MPG-100CN  Multi-Purpose Law Enforcement Riot

12   Control Grenades Manufactured by 1009 Molalla Ave.,

13   Box # 962, Oregon City, Oregon 97045  (503) 656-1601.

14          i.    Two ammunition containers containing several dozen U.S. Army Booby

15   Trap simulators.

16          j.    An ammunition container containing eight M159 White Star Cluster

17   Signal Illumination rounds Lot # LOW 4-34  loaded 11-71; and one Marine MK13 Mod 0 Signal

18   Smoke Illumination flare Lot # 31 HK 1266.

19          k.    An ammunition container containing five M21A1 Amber Star Signal

20   Ground Parachute Flares manufactured by M. Backes Sons Inc. Oct 44 Lot # MBS-190; and one

21   M22A2 Rifle Grenade Smoke Yellow Lot # OAP 9-13.

22          l.    A bag containing four M6 Electric Blasting Caps Lot # HEP 46-13  loaded

23   3/68.

24          m.    An ammunition container containing two WWII Stick Grenades.

25          n.    One wooden crate containing approximately 22 lbs of multiple different

26   smokeless gun powders.

27          o.    An ammunition container containing approximately 19 lbs of multiple

28   different smokeless gun powders.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1            p.     An ammunition container containing three M18 Red Smoke Grenades Lot

2    # 1028-74-7017; one M25A2 CS Grenade Lot # 102S45121; one AN-M8 HC Smoke Grenade;

3    two M116A1 Simulator Hand Grenades Lot # PYC-1-07  03-68; one MK13 MOD0 Signal

4    Smoke Illumination Lot # 6HKO167  JAN1967; one T66E1 Signal Distress Red Star Parachute

5    Flare Lot #46 Loaded June 53; and one M7A3 CS Riot Control Grenade Lot # 2015-76-1001.

6          10.     ATF Special Agents determined that one of the 40mm High Explosive rounds had

7    been previously fired (dud-fired), which made it a dangerous live, unexploded ordnance.

8    Accordingly, ATF destroyed it via countercharge at a local bomb squad range for public safety

9    purposes.

10         11.     On November 14, 2008, ATF Special Agents returned to the address of the caller

11   to view more auction items.  They discovered three bags containing M14 suppressor parts, one

12   bag containing M16 suppressor parts, one High Standard .22 caliber silencer, an M14 frame only,

13   and a Browning machine gun frame.  ATF Explosive Enforcement Officer Phil Whitley also

14   visited the location and seized the following explosives:  twenty-one 40mm Practice Grenades,

15   approximately twenty 20mm projectiles, three .50 caliber High Explosive Incendiary rounds, and

16   one .50 caliber electric cartridge.

17            **A.**     **Unlawful Storage Explosives**

18         12.     Title 18, United States Code, Section 842(j) provides that it is unlawful "for any

19   person to store any explosive material in a manner not in conformity with regulations

20   promulgated by the Attorney General."  Title 27, Code of Federal Regulations, Section 555.201

21   *et seq.*, sets forth the requirements for storing explosive material.

22         13.     Title 27, Code of Federal Regulations, Section 555.201 *et seq.*, sets forth

23   particular requirements for storing "high explosives."  Title 27, Code of Federal Regulations,

24   Section 555.202(a) defines "high explosives" to mean "Explosive materials which can be caused

25   to detonate by means of a blasting cap when unconfined, (for example, dynamite, flash powders,

26   and bulk salutes)."

27         14.     Special Agent Kirk Dennis has advised me that the auction contents contained

28   "high explosives," including: fifty-four 40MM M406 High Explosive Grenades Lot # MA-110-9

COMPLAINT/STRUVE - 6
MJ 08-540

1  and six M112 1.25 LBS Blocks of C-4 Plastic High Explosives Lot # CIL-2-4 12-68. Special

2  Agent Dennis has advised me that storage of these explosives at the Bellevue storage facility was

3  not in compliance with Title 27, Code of Federal Regulations, Section 555.201 *et seq.*, for

4  several reasons. First, STRUVE's unit, which had a door that lead directly to the outdoors, was

5  not a proper outside magazine to house high explosives. Under Section 555.206, outdoor

6  magazines housing high explosives must be located a certain distance apart from inhabited

7  buildings, which is defined under Section 555.11 to mean any structure, including a store, where

8  people are accustomed to assemble. In this case, there was a minimum of 10 pounds of high

9  explosives in the unit. Under Section 555.218, the explosives had to be located a minimum of

10 180 feet from an inhabited building. STRUVE's unit was directly adjacent to a number of other

11 units that were rented and visited by other individuals. As a result, high explosives were

12 improperly stored to close to an inhabited building. Second, the explosives were not properly

13 stored in containers with marks that are readily visible, as required under Section 555.214(b).

14 Third, Section 553.213(b) provides that high explosives generally may not be stored with

15 detonators. The storage unit in this case contained both high explosives and detonators. Fourth,

16 under Title 27, Code of Federal Regulations, Section 555.201(f), any person who stores

17 explosives materials is required to notify the authority having jurisdiction for fire safety in the

18 locality in which the explosive materials are being stored. Special Agent Wallace has advised

19 me that a manager at the Bellevue facility said that the facility was not aware that any explosives

20 were being stored in the facility, and was never contacted about the explosives by any fire

21 department, suggesting that STRUVE failed to comply with the notification requirement.

22     15.     In sum, I have probable cause to believe that the explosives identified in

23 paragraph 13 were not stored in conformity with regulations promulgated by the Attorney

24 General, in violation of Title 18, United States Code, Section 842(j).

25                    **B.      Unlawful Possession of Firearms.**

26     16.     Title 26, United States Code, Section 5861(d), provides that it is unlawful "to

27 receive or possess a firearm which is not registered to him in the National Firearms Registration

28 and Transfer Record." As set forth in paragraph 6, the definition of "firearm" is contained in

COMPLAINT/STRUVE - 7
MJ 08-540

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | Title 26, United States Code, Section 5845(a).

2 | 17. After examining the auction contents, Special Agent Wallace, based on her

3 | training and experience, identified several items that she has probable cause to believe are

4 | "firearms" as that term is defined under Title 26, United States Code, Section 5845(a). These

5 | items are described in Attachment A to this Affidavit.

6 | 18. Special Agent Wallace has advised me that she has reviewed the ATF National

7 | Firearms Registration and Transfer Record for these items, and that none of the items are

8 | registered. Special Agent Wallace also has advised me that she has reviewed search results from

9 | the ATF National Firearms Registration and Transfer Record database for any firearms registered

10 | to RONALD L. STRUVE. Special Agent Wallace learned that none of the items identified in

11 | Attachment A are registered to STRUVE.

12 | **C. Struve's Links to the Explosives and Firearms**

13 | 19. As set forth above, ATF Special Agents inspected the auction contents from the

14 | individual who had won the auction. ATF Special Agents found two Alaska Airline tags that

15 | were among the storage unit's contents. The tags contained a California address and the name,

16 | "RONALD STRUVE." The same name was on the cover of an ammunition reloading

17 | instruction book.

18 | 20. On November 17, 2008, Special Agent Wallace contacted a manager at the

19 | Bellevue storage facility. She gave Special Agent Wallace a copy of the rental agreement for the

20 | unit that was sold at auction. The agreement showed that the unit was rented on October 25,

21 | 1990, in the name of Gary Moll. The agreement also showed an alternative name and phone

22 | number of RONALD L. STRUVE, phone number 869-1503. The agreement listed an address

23 | with Moll's name. However, Special Agent Wallace visited this location, and learned that a

24 | business, not a residence was located at the address.

25 | 21. According to the storage facility manager, Gary Moll was in the military, and last

26 | made a payment on August 11, 2008, for $260.00. Since the storage manager was unable to

27 | contact either Gary Moll or RONALD STRUVE at the address or phone numbers provided, the

28 | unit went into default and the storage facility sold the unit's contents at auction on November 3,

COMPLAINT/STRUVE - 8
MJ 08-540

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | 2008.

2 |      22.     On November 18, 2008, Special Agent Wallace visited the caller who

3 | had won the auction.  The caller stated that he had additional paperwork that he found among the

4 | items that he had purchased.  The paperwork included (1) a life insurance policy in the name of

5 | RONALD L. STRUVE dated 9/19/1968; (2) a Kansas City Life Insurance Company notification

6 | in the name of RONALD L. STRUVE, and (3) an application, dated August 23, 1968, in the

7 | name of RONALD STRUVE.

8 |      23.     On November 21, 2008, Special Agent Wallace went to the Bellevue storage

9 | facility that had housed the items that were sold at auction.  Special Agent Wallace provided the

10 | facility's manager with two photographs: (1) Gary Moll's Alaska driver's license photograph and

11 | (2) RONALD STRUVE's Washington driver's license photo.  The manager pointed to

12 | STRUVE's photograph, and said, "That's Gary."  Special Agent Wallace asked the manager if

13 | she had met "Gary" before.  The manager stated that she had, but that Gary had lost some weight

14 | since the time of the photograph.  The manager also said that she had last seen Gary

15 | approximately four months ago.  The manager said that she did not recognize the person in Gary

16 | Moll's Alaska driver's license photograph.  Finally, the manager said that another individual had

17 | made a payment on the unit in the past through a credit card, but that she did not remember the

18 | name.  Special Agent Wallace later determined that a person using a credit card in the name of

19 | "James O'Brien" had made a payment on the unit in June 2008.

20 |      24.     On November 21, 2008, Special Agent Wallace visited the Public Storage facility

21 | at Northup Way in Bellevue, Washington to determine if RONALD STRUVE or Gary Moll had

22 | a rental unit at the facility.  An employee at the facility accessed their computer system and stated

23 | that RONALD STRUVE had an active unit located at 2824 172nd Street, SW in Lynnwood,

24 | Washington.  On December 10, 2008, Special Agent Wallace spoke with the manager at the

25 | Lynnwood storage facility.  The employee informed Special Agent Wallace that she had

26 | telephoned STRUVE at 425-750-5010 on December 9, 2008.  According to the employee,

27 | STRUVE had provided this telephone number in connection with his storage application.

28 | Special Agent Wallace determined that the phone number was registered to STRUVE based on

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | law enforcement database queries.

2 | 25. On December 17, 2008, Special Agent Wallace spoke with the manager at the
3 | Bellevue storage facility. The manager said that "Gary" had called about his storage unit over a
4 | week before. The manager stated that "Gary" had asked about the payment status of his unit.
5 | The manager said that she told the caller that the unit's contents had been sold at auction, and
6 | that he should contact ATF with any questions. According to the manager, the caller was upset
7 | at hearing this news.

8 | 26. On January 6, 2009, Special Agent Wallace reviewed the results of telephone
9 | records associated with the telephone number identified in paragraph 24. She also learned that
10 | the records show that a call was placed on the telephone to 425-454-3000, on December 8, 2008.
11 | Special Agent Wallace verified that this number is associated with the Bellevue storage unit.

12 | 27. On January 6, 2009, Special Agent Wallace, along with other ATF agents,
13 | executed a search warrant at 3001 East 53rd Avenue, Unit E4, Spokane, Washington 99223.
14 | While the search was being conducted, STRUVE verified that he was residing at the address.
15 | ATF agents located at the residence several receipts regarding the Bellevue storage unit,
16 | including receipts from 2006, 2007, and 2008.

17 | 28. STRUVE told Special Agent Wallace that the Bellevue storage unit had been his
18 | unit, and that he was the only person who was aware of the unit's contents. He confirmed the
19 | existence of multiple items described in Attachment A. He told Special Agent Wallace that he
20 | did not plan to sell the items from the storage unit, but rather he planned to use the items at some
21 | uncertain date in the future.

22 | **CONCLUSION**

23 | 29. Based on the above facts, I respectfully submit that there is probable cause to
24 | believe that RONALD STRUVE unlawfully stored explosives, in violation of Title 18, United
25 | States Code, Sections 842(j) and 844(b), and Title 27, Code of Federal Regulations, Section
26 | 555.201 *et seq.*, and unlawfully possessed firearms, in violation of Title 26, United States Code,
27 | Sections 5841, 5861(d), and 5871.

28 |

COMPLAINT/STRUVE - 10
MJ 08-540

1

2

3

David M. Cline, Complainant
Special Agent, Bureau of Alcohol, Tobacco,
Firearms and Explosives

4

5

6      Based on the Complaint and Affidavit sworn to before me, and subscribed in my

7 presence, the Court hereby finds that there is probable cause to believe the Defendant committed

8 the offenses set forth in the Complaint.

9      Dated this ___7___ day of January, 2009.

10

11

12

MARY ALICE THEILER
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT/STRUVE - 11
MJ 08-540

## ATTACHMENT A to Affidavit of David M. Cline

### (Firearms Described in Paragraph 17)

1.      MNF: VIETNAM, TYPE: MACHINE GUN, MODEL: KP50, CAL: 30, SN: 134762.

2.      MNF: GERMANY, TYPE: MACHINE GUN, MODEL: MP40, CAL: 9, SN: 8638.

3.      MNF: U.S. ORDNANCE INC., TYPE: DESTRUCTIVE DEVICE, MODEL: M79, CAL: 9, SN: 61824.

4.      MNF: HARRINGTON AND RICHARDSON, TYPE: MACHINE GUN, MODEL: M14, CAL: 762, SN: 813113.

5.      MNF: U.S. ORDNANCE INC., TYPE: DESTRUCTIVE DEVICE, MODEL: M79, CAL: **, SN: 67959.

6.      MNF: ARMALITE (ARTILLERIE INRICHTIGEN), TYPE: MACHINE GUN, MODEL: AR10, CAL: **, SN: 002303.

7.      MNF: F.N. (FN HERSTAL), TYPE: MACHINE GUN, MODEL: FAL, CAL: 762, SN: NONE.

8.      MNF: COLT, TYPE: MACHINE GUN, MODEL: AR15/M16A1, CAL: 556, SN: 801959.

9.      MNF: COLT, TYPE: MACHINE GUN, MODEL: AR15/XM16E1, CAL: 556, SN: 739235.

10.      MNF: COLT, TYPE: MACHINE GUN, MODEL: AR15/MODEL 4, CAL: 223, SN: 039753.

**Attachment A to Affidavit of David Cline**

11.    MNF: STEN, TYPE: MACHINE GUN, MODEL: STEN MK II, CAL: 9, SN: NONE.

12.    SILENCER TO A STEN MKII.

13.    MNF: U.S. ORDNANCE INC., TYPE: MACHINE GUN, MODEL: M2 INLAND DIV, CAL: 30, SN: 7416176.

14.    MNF: WINCHESTER, TYPE: MACHINE GUN, MODEL: M14, CAL: 762, SN: 1149185.

15.    MNF: ITHACA GUN CO., TYPE: MACHINE GUN, MODEL: GUIDE M3A1, CAL: 45, SN: 630055.

16.    MNF: GERMANY, TYPE: MACHINE GUN, MODEL: I, CAL: 45, SN: NONE.

17.    MNF: ITHACA GUN CO., TYPE: MACHINE GUN, MODEL: GUIDE M3A1, CAL: 45, SN: 359246.

18.    MNF: AUSTRALIAN, TYPE: MACHINE GUN, MODEL: MKI, CAL: 9, SN: C4032.

19.    MNF: IZHMASH (IMEZ), TYPE: MACHINE GUN, MODEL: AK1954, CAL: 762, SN: 8566.

20.    MNF: BROWNING, TYPE: MACHINE GUN, MODEL: UNK, CAL: 30, SN: NONE.

21.    MNF: BROWNING, TYPE: MACHINE GUN, MODEL: MACHINE GUNE, CAL: 30, SN: NONE.

2

**Attachment A to Affidavit of David Cline**

22.     SILENCER: M14 SUPPRESSOR PARTS.

23.     SILENCER: M14 SUPPRESSOR PARTS.

24.     SILENCER: M14 SUPPRESSOR PARTS.

25.     SILENCER: M16 SUPPRESSOR PARTS.

26.     SILENCER: HIGH STANDARD .22 LR.

27.     MNF: UNITED KINGDOM, TYPE: MACHINE GUN, MODEL: L1A1,

CAL: 762, SN: AD6119386.

28.     SILENCER MARLIN WITH SERIAL NUMBER 5653435.

29.     MNF: F.N. (FN HERSTAL), TYPE: MACHINE GUN, MODEL: FAL,

CAL: 762, SN: 1012317.

30.     MNF: F.N. (FN HERSTAL), TYPE: MACHINE GUN, MODEL: FAL,

CAL: 762, SN: 976.

31.     MNF: CHINESE, TYPE: MACHINE GUN, MODEL: M22, CAL: 762,

SN: N010408.

32.     CHINESE, TYPE: MACHINE GUN, MODEL: AKM, CAL: 762, SN:

12074052.

33.     MNF: CZECHOSLOVAKIA, TYPE: MACHINE GUN, MODEL: CZ58,

CAL: 762, SN: NONE.

34.     MNF: ARMALITE (ARTILLERIE INRICHTIGEN), TYPE: MACHINE

GUN, MODEL: AR10, CAL: **, SN: 000380.

35.     MNF: UNKNOWN MANUFACTURER, TYPE: MACHINE GUN,

3

**Attachment A to Affidavit of David Cline**

MODEL: L1A1, CAL: 762, SN: SPF2480.

36.     MNF: STEN, TYPE: MACHINE GUN, MODEL: STEN MK II SMG, CAL: 9, SN: NONE.

37.     MNF: STEN, TYPE: MACHINE GUN, MODEL: STEN MK II SMG, CAL: 9, SN: NONE.

38.     MNF: STEN, TYPE: MACHINE GUN, MODEL: STEN MK II SMG, CAL: 9, SN: NONE.

39.     MNF: UNKNOWN MANUFACTURER, TYPE: MACHINE GUN, MODEL: L1A1, CAL: 762, SN: AD6113465.

40.     MNF: UNKNOWN MANUFACTURER, TYPE: MACHINE GUN, MODEL: L1A1, CAL: 762, SN: AD6713672.

41.     MNF: F.N. (FN HERSTAL), TYPE: MACHINE GUN, MODEL: FAL, CAL: 762, SN: 732.

42.     MNF: F.N. (FN HERSTAL), TYPE: MACHINE GUN, MODEL: FAL, CAL: 762, SN: 1466.

43.     MNF: COLT, TYPE: MACHINE GUN, MODEL: AR15/XM16E1, CAL: 556, SN: NONE.

44.     MNF: F.N. (FN HERSTAL), TYPE: MACHINE GUN, MODEL: FAL, CAL: 762, SN: 204904.

45.     MNF: F.N. (FN HERSTAL), TYPE: MACHINE GUN, MODEL: FAL, CAL: 762, SN: 08954.

**Attachment A to Affidavit of David Cline**

46.   MAXIM SILENT FIREARMS CO. NEW YORK PAT MARCH 30, 1909.

47.   SILENCER WITH SHIPPING TUBE. MAXIM SILENCER MCH 30,
1909-MAY 24, 1910. MADE IN HARTFORD, CT.

48.   MAXIM SILENT FIREARMS CO NEW YORK PAT MARCH 30, 1909.

49.   5 SILENCERS WITH PAT PENDING AND A NUMBER ON EACH.
31, 10, 61, 62, 10.

50.   MNF: HARRINGTON AND RICHARDSON, TYPE: MACHINE GUN,
MODEL: M14, CAL: 762, SN: 940895.

51.   MNF: NEW ENGLAND ARMS CO., TYPE: MACHINE GUN, MODEL:
1918A2, CAL: 30-06, SN: 508164.

52.   MNF: F.N. (FN HERSTAL), TYPE: MACHINE GUN, MODEL: FAL,
CAL: 762, SN: 3995.

53.   MNF: TRW, INC., TYPE: MACHINE GUN, MODEL: M14, CAL: 762,
SN: 1380515.

5